# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 22, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| JOSEPH BONICA, | * | |
| | * | |
| Petitioner, | * | No. 16-1127V |
| | * | Special Master Sanders |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Renee J. Gentry, Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for Petitioner.
Jennifer L. Reynaud, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On September 12, 2016, Joseph Bonica ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that he suffered from chronic inflammatory demyelinating polyneuropathy ("CIDP") as the result of an influenza ("flu") vaccination he received on September 12, 2013. Pet. at 1, ECF No. 1. On March 1, 2018, Petitioner filed a unopposed Motion to Dismiss his petition, conceding that "[a]n investigation of the facts and science supporting his case have demonstrated to the petitioner that he will be unable to prove that he is entitled to compensation" and that "to proceed further would be unreasonable and would waste the resources

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

of the Court, the respondent, and the Vaccine Program." Mot. to Dismiss, ECF No. 26, at 1. On March 5, 2018, the undersigned issued her Decision dismissing the case due to insufficient proof. Decision, ECF No. 27.

On October 4, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 30 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $47,687.10. Fees App at 1. Pursuant to General Order No. 9, Petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. *Id.* at 2. Respondent reacted to the motion on October 17, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 31). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, it appears that reasonable basis existed at the time of filing. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of fees is appropriate.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.' " *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and

reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

Petitioner requests the following rates of compensation for his attorneys: for Mr. Clifford Shoemaker, $430.00 per hour for work performed in 2016, $440.00 per hour for work performed in 2017, and $450.00 per hour for work performed in 2018; for Ms. Renee Gentry, $424.00 per hour for work performed in 2017, and $435.00 per hour for work performed in 2018; and for Ms. Sabrina Knickelbein, $365.00 per hour for work performed in 2016, $378.00 per hour for work performed in 2017, and $391.00 per hour for work performed in 2018. Fees App. at 4-9. Petitioner also requests that the students of the Vaccine Injury Clinic at George Washington University Law School be compensated at $145.00 per hour for their work on the case (it appears that six different students performed work on this case). *Id.* at 11-17.

The rates requested herein are reasonable and in conformance with what counsel has previously been awarded. *See Pearson v. Sec'y of Health & Human Servs.*, No. 17-670V, 2018 WL 5270110, at *1 (Fed. Cl. Spec. Mstr. Aug. 31, 2018); *Cianni v. Sec'y of Health & Human Servs.*, No. 16-1052V, slip op. at 2 (Fed. Cl. Spec. Mstr. Sept. 21, 2018). The undersigned notes, however, that Ms. Knickelbein has two entries from 2017 that were erroneously billed at $396.00 per hour instead of her established rate of $378.00 per hour. Fees App. at 9. Correction of this error results in a reduction of **$3.60**.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

The requested hours require several adjustments for issues which have consistently been noted in motions for fees and costs submitted for the work of Mr. Shoemaker, Ms. Gentry, and Ms. Knickelbein. Turning first to the billing records covering attorney work, Ms. Knickelbein billed at attorney rates for all work performed, the billing entries reveal that her work was entirely in the realm of paralegal work – she never billed greater than 0.1 hour for any individual entry and all of her entries are for review of filings in the case such as orders and status reports. Fees App. at 8-9. Furthermore, all these entries represent duplicate entries with those made by Mr. Shoemaker, who also billed for review of all orders, status reports, and other filings made in this case. Overall, this supports a reduction in attorneys' fees.

Also supporting reduction in attorneys' fees is the overall vagueness of Mr. Shoemaker's billing entries. This is an issue which has been raised several times by multiple special masters. *See Dominguez v. Sec'y of Health & Human Servs.*, No. 12-378V, 2018 WL 3028975, at *3 (Fed. Cl. Spec. Mstr. May 25, 2018); *Brodie v. Sec'y of Health & Human Servs.*, No. 17-437V, 2018 WL 3991233, at *3 (Fed. Cl. Spec. Mstr. June 26, 2018); *Eworonsky v. Sec'y of Health & Human Servs.*, No. 04-992V, 2018 WL 2225379, at *4 (Fed. Cl. Spec. Mstr. Apr. 20, 2018); *Cianni*, slip op. at 3; *Rogero v. Sec'y of Health & Human Servs.*, No. 11-770V, slip op. at 4 (Fed. Cl. Spec. Mstr. Aug. 22, 2018). Unfortunately, the issue has not been corrected in the instant case. Mr. Shoemaker still frequently displays entries such as "Corr to provider" and "Emails from and to Gretchen" without providing any further description as to what the correspondence was about, or why the interoffice communication was necessary. Such vague entries do not allow the undersigned to determine the reasonableness of the time spent or how various tasks were relevant to the case. Overall, the undersigned finds a 20% reduction of fees for attorney hours warranted, resulting in a deduction of **$2,067.62**.[4]

Even more concerning are the billing records for the student-attorneys who worked on this case. There are numerous entries billed for large amounts of time which are wholly non-compensable. First, the students billed for researching general issues which more seasoned Vaccine Program attorneys would not bill for. *See* Fees App. 11-16 (entry on 9/8/16 billed 5.2 hours for "Medical research into possible causation"; entry on 10/18/16 billed 4.9 hours on "Legal research into procedure"; entry on 11/26/16 billed 4.3 hours on "Medical research into causation"; entry on 2/2/17 billed 4.9 hours on "Legal research into vaccine compensation"). Special masters have consistently ruled that attorneys, even those who have previously not worked on Vaccine Program cases, may not bill the Program for time spent engaging in professional development relative to their inexperience with the Vaccine Program. *Nash v. Sec'y of Health & Human Servs.*, No. 15-1587V, 2018 WL 2224885, at *4 (Fed. Cl. Spec. Mstr. Feb. 5, 2018); *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).

While it is understandable that the student-attorneys would be unfamiliar with the procedures of the Vaccine Program as well as theories of causation, these tasks should not be billed to the program. Petitioner's counsel is an extremely experienced practitioner in the Vaccine Program, as are her associates, and counsel is holding these student-attorneys out as though they are firm paralegals and charging near the top of the range for in-forum paralegals. However, "[a]n

---

[4] $10,338.10 * 0.2 - $2,067.62.

inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04–1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Because counsel could not ethically bill a client for time spent familiarizing themselves with the program (particularly because of their extensive Vaccine Program experience), neither can individuals under their employ, whether they are paralegals or law students performing the work of paralegals on behalf of experienced attorneys. Overall, these billing entries are non-compensable.

Next, student-attorneys billed several hours for "drafting" exhibits. Fees App. 11-16 (entry on 11/4/16 billed 3.2 hours on "Draft exhibit 1 and 2 for filing"; entry on 11/22/16 billed 3.8 hours on "Draft exhibits for case"; entry on 12/14/16 billed 2.3 hours on "Draft exhibits"; entry on 1/19/17 billed 4.7 hours on "Draft exhibits", and entry on 3/28/17 billed 4.9 hours on "Draft 1128 page exhibit"). It is unclear as to what task is being performed here. The exhibits referenced here correspond to the exhibits filed in this case by Petitioner, which are medical records. These exhibits do not require any drafting in the sense that they do not contain any original created content by the student-attorneys and are fully-formed upon receipt from the medical provider. To the extent that drafting these documents can be understood to reference preparing these documents for filing, such as by scanning them, this task is administrative in nature and is not compensable in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Student-attorneys also overbilled on multiple tasks, even taking into consideration their relative inexperience in drafting legal documents. Examples of this include the following: 2.5 hours billed on 11/3/16 to "Draft Status Report document to be filed", a one-page document filed on the following day; 2.3 hours spent on the same day to "Draft notice of filing", also a one-page document containing approximately fifteen words of text not including the case caption or the signature block; 2.2 hours on 11/6/16 to "Draft entrance of student attorney", the purpose of which cannot be ascertained from the docket; 2.3 hours on 12/10/16 to "Draft Status report", again a one-page document apologizing for missing a filing deadline. Phone calls were also billed for, in the undersigned's experience, an unnecessarily long amount of time. Examples of this occur on 10/20/16 (2.5 hour phone call with hospital), 12/1/16 (1.2 hour phone call with medical provider), 2/24/17 (1.9 hour phone call with medical provider), and 3/22/17 (2.1 hour phone call with medical provider).[5]

Also troubling are the instances of double-billing by Mr. Shoemaker for Vaccine Injury Clinic meetings, billed on both the attorney timesheet and the student-attorney time sheet. For example, on 11/2/16, Mr. Shoemaker billed 0.5 hours on the attorney timesheet for "Prepare for team meeting; team meeting" while simultaneously billing 0.2 hours on the student-attorney timesheet on "Strategize about next steps in case." Fees App. at 5, 12. This also happened on 10/26/16.

In sum, the undersigned finds that the number of hours expended by student-attorneys on this matter to be grossly excessive given the alleged injury (CIDP following the flu vaccine) and

---

[5] The provided examples are intended to be illustrative and are not intended to be an exhaustive list of all occurrences of these billing issues.

the straight-forward progression of this case. Accordingly, a reduction of 40% of the student-attorney hours is appropriate, resulting in a reduction from awarded fees in the amount of $13,589.60.[6]

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,375.00 in costs, solely for the work of Dr. Carlo Tornatore in reviewing medical records. Fees App. at 3. Dr. Tornatore billed 7.5 hours for review of medical records and to discuss the case thereafter with counsel and billed $450.00 per hour for his time. This rate is higher than what Dr. Tornatore has previously been awarded for his work in the Vaccine Program. *See Averitt v. Sec'y of Health & Human Servs.*, No. 16-938V, 2018 WL 4907991, at *3 (Fed. Cl. Spec. Mstr. Sept. 4, 2018) (awarding Dr. Tornatore $400.00 per hour for his work in the Vaccine Program); *Caruso v. Sec'y of Health & Human Servs.*, No. 15-200V, 2017 WL 5381004, at *4 (Fed. Cl. Spec. Mstr. Sept. 26, 2017) (same); *Morgan v. Sec'y of Health and Human Servs.*, No. 15–1137V, 2017 WL 1034399 (Fed. Cl. Spec. Mstr. Jan. 23, 2017) (same); *Jaffri v. Sec'y of Health & Human Servs.*, No. 13–484V, 2017 WL 7319407 (Fed. Cl. Spec. Mstr. Sept. 30, 2016). Petitioner has not made a showing as to why the undersigned should deviate from Dr. Tornatore's established rate in the instant case, and thus the undersigned shall compensate Dr. Tornatore at $400.00 per hour for his work. This results in a reduction of costs in the amount of **$375.00**.

## II. Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $44,312.10 |
| (Reduction to Attorney Hours) | - $2,071.22 |
| (Reduction to Paralegal/Student Hours) | - $13,589.60 |
| **Total Attorneys' Fees Awarded** | **$28,651.28** |
| | |
| Attorneys' Costs Requested | $3,375.00 |
| (Reduction of Costs) | -$375.00 |
| **Total Attorneys' Costs Awarded** | **$3,000.00** |
| | |
| **Total Amount Awarded** | **$31,651.28** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. Accordingly, the undersigned hereby awards **a total of $31,651.28 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Renee Gentry, of the George Washington University Law School Vaccine Injury Clinic, for attorneys' fees and costs.**

---

[6] $33,974.00 * 0.4 = $13,589.60.

Case 1:16-vv-01127-UNJ   Document 34   Filed 02/25/19   Page 7 of 7

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).